IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAVANCHIE PATRICIA GOODBIRD,<br><br>Defendant. | CR 22-77-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.     Synopsis

Defendant Lavanchie Patricia Goodbird (Goodbird) has been accused of violating conditions of her supervised release. (Docs. 232 and 235). Goodbird admitted the alleged violations. Goodbird's supervised release should be revoked. Goodbird should be sentenced to custody for 6 months, with 54 months of supervised release to follow. During and up to the first 180 days of supervised release, Goodbird shall be placed in a residential re-entry center as directed by her probation officer. Upon release from the residential re-entry center, Goodbird shall participate in substance abuse treatment as directed by her probation officer.

## II.   Status

On November 30, 2022, Goodbird pleaded guilty to the offense of Kidnapping of an Individual Under 18, in violation of 18 U.S.C. §§ 1201(a)(2), (g) and 18 U.S.C. §§ 1153(a) and 2 as charged in Count 1 of the Indictment. (Doc. 98).  The Court sentenced Goodbird to 41 months of custody, followed by 5 years of supervised release. (Doc. 209).   Goodbird's current term of supervised release began on September 8, 2025.

### Petition

On November 6, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Goodbird's supervised release. (Doc. 232). The Petition alleged Goodbird violated conditions of her supervised release by: (1) failing to check in with her probation officer on October 28, 2025, and on November 4, 2025, as instructed; and (2) by tampering with a sweat patch during November, 2025.

### Amended Petition

On November 20, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Goodbird's supervised release. (Doc. 235). The Amended Petition alleged Goodbird violated conditions of her supervised release by the added violations of : (3) failing to follow the instructions of her probation officer to not have contact with her co-defendants by having telephone

contact with Elmarie Weeks, one of her co-defendants on November 19, 2025; (4) failing to follow the instructions of her probation officer to not have contact with any convicted felons by admitting on November 19, 2025, to having multiple in person and telephone contacts with convicted felon Connor Gourneau; and (5) committing another federal, state or local crime by agreeing to distribute controlled substances during November of 2025.

### Initial Appearance

Goodbird appeared before the Court on December 1, 2025.  Goodbird was represented by counsel.  Goodbird stated that she had read the Amended Petition and that she understood the allegations against her.  Goodbird waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on December 1, 2025.  Goodbird admitted that she had violated the conditions of supervised release as set forth as allegations 1-5 in the Petition. Goodbird's admitted violations are serious and warrant revocation of her supervised release.

### Sentencing hearing

Goodbird appeared before the Court on December 1, 2025. Goodbird's violations are Grade C.  Her criminal history category is I.  Goodbird's underlying

offense is a Class A felony. Goodbird could be incarcerated for up to 60 months. Goodbird could be ordered to remain on supervised release for 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Goodbird's supervised release should be revoked. Goodbird should be sentenced to custody for 6 months, with 54 months of supervised release to follow. During and up to the first 180 days of supervised release, Goodbird shall be placed in a residential re-entry center as directed by her probation officer. Upon release from the residential re-entry center, Goodbird shall participate in substance abuse treatment as directed by her probation officer. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Goodbird that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Goodbird of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Goodbird that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Goodbird waived her right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That LAVANCHIE PATRICIA GOODBIRD has violated the conditions of her supervised release by: (1) failing to check in with her probation officer on October 28, 2025, and on November 4, 2025, as instructed; (2) by tampering with a sweat patch during November, 2025 (1) failing to comply with substance abuse testing requirements on October 30, 2025; (3) failing to follow the instructions of her probation officer to not have contact with her co-defendants by having telephone contact with Elmarie Weeks, one of her co-defendants on November 19, 2025; (4) failing to follow the instructions of her probation officer to not have contact with any convicted felons by admitting on November 19, 2025, to having multiple in person and telephone contacts with convicted felon Connor Gourneau; and (5) committing another federal, state or local crime by agreeing to distribute controlled substances during November of 2025..

The Court **RECOMMENDS:**

That the District Court revoke Goodbird's supervised release and sentence Goodbird to custody for 6 months, with 54 months of supervised release to follow. During and up to the first 180 days of supervised release, Goodbird shall be placed in a residential re-entry center as directed by her probation officer. Upon release from the residential re-entry center, Goodbird shall participate in substance abuse treatment as directed by her probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of December 2025.

John Johnston
United States Magistrate Judge